IN RE: ALL MATTERS RELATED TO NORTH AMERICAN REFRACTORIES COMPANY, et al. in Case No. 02-20198, as affected by the May 24, 2013 Order Entering Final Decree entered at Doc. No. 7940, Debtors

Honeywell International, Inc., Plaintiff

v.

North American Refractories Asbestos Personal Injury Settlement Trust, Defendant

and

Future Claimants' Representative: and North American Refractories: Company Asbestos Trust Advisory: Committee, Intervenors

Misc. Case No. 15-00204-TPA

United States Bankruptcy Court, W.D. Pennsylvania.

Signed December 16, 2015

Darren Azman, John J. Calandra, Michael R. Huttenlocher, Peter John Sacripanti, Sandra B. Saunders, Timothy W. Walsh, McDermott Will & Emery LLP, New York, NY, Roger W. Richards, Erie, PA, for Honeywell International Inc.

Sameer Nitanand Advani, Joseph Thompson Baio, Dan Cogan Kozusko, Stephen Clark Mouritsen, Rachel C. Strickland, Wilkie Farr & Gallagher LLP, New York, NY, Peter J. Ashcroft, Bernstein-Burkley, P.C., Erica L. Koehl, David W. Ross, Babst, Calland, Clements & Zomnir, P.C., Pittsburgh, PA, for North American Refractories Company Asbestos Personal Injury Settlement Trust.

## ORDER

Thomas P. Agresti, Judge, United States Bankruptcy Court

█ *AND NOW,* this *16th* day of *December, 2015,* for the reasons set forth in the *Memorandum Opinion* filed this date at Doc. No. 265, it is *ORDERED, ADJUDGED and DECREED* that,

(1) The *Motion for Preliminary Injunction* ("Motion") filed by the Plaintiff on July 13, 2015, at Doc. No. 63, is *DENIED without prejudice.*

(2) *On or before January 13, 2016,* the Defendant shall file its Answer or other response to the Complaint.

(3) *On or before January 13, 2016,* the Plaintiff and the Defendant shall each file a brief of no more than 10 pages setting forth whether they believe the Court has subject matter jurisdiction to hear this matter and provide the relief requested. In order to provide some focus for its concerns in this regard, the Court will reiterate here its comments made at the final argument on the *Motion.*

█ The key Third Circuit case on the jurisdictional issue for post-confirmation matters appears to be *In re Resorts International, Inc.,* 372 F.3d 154 (3d Cir. 2004). That case teaches that the scope of bankruptcy court jurisdiction diminishes with plan confirmation, though it does not disappear entirely. The *Resorts* court found the appropriate test for "related to" post-confirmation jurisdiction to be whether there is a "close nexus" to the bankruptcy plan or proceeding, which is indeed a significant narrowing of the pre-confirmation test of whether the proceeding could "conceivably have any effect on the estate." *See, Pacor, Inc. v. Higgins,* 743 F.2d 984 (3D Cir.1984). *Resorts* and other cases also make clear that a bankruptcy court cannot create its own post-confirmation jurisdiction in a confirmation order, so

the fact that the confirmation order in the present case contains putative jurisdictional language carries little weight. On the other hand, the *Resorts* case also indicated that when a matter affects the interpretation or implementation of a confirmed plan or incorporated litigation trust agreement, post-confirmation jurisdiction "is normally appropriate," so it may well be that the Court can hear and decide the present case. Use of the word "normally" implies that there will nevertheless be times when interpretation of a plan or related trust document is not a sufficient basis to confer post-confirmation jurisdiction. *See,* e.g., *In re ACandS, Inc.,* 2011 WL 3471243 *5 (Bankr.D.Del.2011) ("The sole fact that the plan or plan documents must be interpreted to resolve a dispute is not enough to create a close nexus to the bankruptcy and thereby confer subject matter jurisdiction over that dispute.")

The Court expects to hear the views of the Plaintiff and Defendant concerning jurisdiction in the light of *Resorts, ACandS* and other relevant cases. In the event the *Intervenors* want to be heard on this issue, *on or before December 30, 2015,* a *Motion* to that effect shall be filed. In the event the Court grants the request, a brief from the Intervenors, collectively, of no more than 5 pages in length shall, also be due *on or before January 13, 2016.*

(4) An initial Pretrial Conference to discuss issues of jurisdiction, discovery and other pretrial matters is scheduled for *January 28, 2016 at 1:00 P.M.* in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 S. Park Row, Erie, Pa. 16501. Discovery remains open and ongoing in the interim and the Court expects the Parties to engage in the process expeditiously in keeping with the general policy of prompt resolution of matters in bankruptcy and the Court's previously-stated intention to have the case concluded as soon as reason-

ably possible and no later than March 31, 2016. The Parties are further reminded that the appointment of Special E–Discovery Master Richard Lettieri continues, though in an inactive status, and the Court is prepared to act promptly upon the motion of any Party to reactivate his services as necessary to assist in the resolution of any discovery disputes.